**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01894-SBP

DANIEL HOWARD BAXTER,

Plaintiff,

v.

STANTEC CONSULTING SERVICES INC.,

Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court following plaintiff Daniel Howard Baxter's failure to appear for a court-ordered status conference on October 1, 2025, just one instance in a lengthy pattern of non-compliance with orders issued by this court and the rules governing litigants in this District. As this court specifically warned Mr. Baxter in its order setting the status conference—and has warned him on other occasions—his failure to appear could result in dismissal of this action without prejudice, without further notice. ECF No. 39.

Mr. Baxter failed to heed that warning, resulting in this court issuing an **order** at the status conference **dismissing the case without prejudice**. ECF No. 40. As the court noted at the status conference, this order delineating in writing the grounds for dismissal of the action would follow.

## I. Mr. Baxter's Failure to Prosecute this Case and to Comply with Court Orders

On July 9, 2024, Mr. Baxter, a professional engineer, initiated this action against

Defendant Stantec Consulting Services Inc. ("Stantec"), asserting that he was terminated from Stantec because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. *See* ECF No. 1. On August 16, 2024, Stantec filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), arguing that the format of the original complaint—which consisted primarily of a large bundle of documents Mr. Baxter had submitted to the Colorado Civil Rights Division—made it "impossible . . . to appropriately respond to the Complaint." ECF No. 9 ¶ 3; *see also* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). Mr. Baxter's response to the motion for a more definite statement was due September 6, 2024. D.C.COLO.LCivR 7.1(d) (stating that "'t]he responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response"). Mr. Baxter neither responded to the motion nor requested an extension of the response deadline.

On October 17, 2024, after counsel for Stantec took the initiative to reach out to Mr. Baxter and ultimately succeeded in conferring with him, Stantec filed an unopposed motion to vacate the scheduling conference this court had set for October 24, 2024. *See* ECF No. 16 ¶ 8 (stating that "Defendant believes it makes sense to vacate the current Scheduling Conference until a determination has been made as to whether the Court will order Plaintiff to provide a more definite statement, strike the Complaint, or to make any other appropriate order"); *see also* ECF No. 11 (August 30, 2024 order setting the scheduling conference). On October 18, 2024, the court granted Stantec's motion for a more definite statement based on its finding that "[t]he

allegations in the current complaint are written in a way that makes it unreasonably difficult for Defendant to respond." ECF No. 17. The court set a deadline of November 8, 2024, for Mr. Baxter to file an amended complaint. *Id.*

Mr. Baxter filed nothing by the November 8 deadline, prompting this court to enter the following order on November 13, 2024:

> Previously, the court directed Plaintiff to file an amended complaint by November 8, 2024. ECF No. 17. As of the date of this Order, Plaintiff has not done so. Plaintiff shall file an amended complaint by no later than **November 27, 2024**. Plaintiff is reminded of the court's instructions in the court's previous order. ECF No. 17. Plaintiff is advised that failure to comply with this order may result in the court dismissing his claims for failure to prosecute.

ECF No. 19 (underlined emphasis added). Mr. Baxter did not comply with the November 27 deadline (nor did he move for an extension), but he did submit an amended complaint two days later, on November 29, 2024. ECF No. 21. At that point, the court overlooked the untimeliness of the filing and set a scheduling conference for January 23, 2025. ECF No. 22.

Mr. Baxter did not call in to participate in the scheduling conference at the appointed time (or appear in court in person). However, at the court's direction—and entirely as a courtesy to Mr. Baxter—the courtroom deputy secured Mr. Baxter's participation by reaching out to him by telephone. The court then proceeded with the scheduling conference and entered a scheduling order which Mr. Baxter had signed in advance of the scheduling conference. *See* ECF No. 32 at 9. Among other discovery deadlines and dates, the scheduling order set a status conference for July 16, 2025, at 9:30 a.m. ECF No. 34 at 6. Of particular note, during the scheduling conference, the undersigned judicial officer had a specific conversation with Mr. Baxter in which he confirmed his availability on July 16, 2025. The court reminded Mr. Baxter of his

responsibility to manage deadlines in the case and observed that many pro se litigants successfully prosecute cases in this court.[1] Notwithstanding the court's colloquy with Mr. Baxter, and the clear language of the scheduling order and accompany minutes of the scheduling conference, *see* ECF No. 33 at 2, Mr. Baxter was a no-show for the July 16, 2025 status conference. When the courtroom deputy attempted to reach Mr. Baxter by telephone at that time,[2] he could not be reached.

At that point, the court proceeded to conduct the status conference. Counsel for Stantec relayed that Mr. Baxter had not been participating in the discovery process. In light of the circumstances reflecting Mr. Baxter's history of repeated non-compliance and non-participation, manifested that very day in Mr. Baxter's failure to appear for a scheduled court date, the court issued the following order to show cause:

> On or before **August 15, 2025**, Plaintiff Daniel Howard Baxter shall show cause, in writing, why this court should not enter an order dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) and D.C.COLO.LCivR 41.1 for lack of prosecution. **Failure to respond to this Order to Show Cause may result in this court dismissing this action, without prejudice, without further notice.**

This warning was included in both the courtroom minutes, ECF No. 36 at 2, and the text entry in the docket, where the bolded and underlined language was emphasized as indicated here.

August 15 came and went with no word from Mr. Baxter. Finally, on August 26, he

---

[1] No formal transcription of the scheduling conference has been made. The court's representation here is based on a review of the audiorecording of the conference.

[2] The court again emphasizes that this gesture of outreach was entirely one of courtesy and not a requirement of any rule governing federal litigation. The court has no obligation to ensure that a litigant appears for a scheduled conference in a civil case—notably, here, a case the absent litigant initiated.

responded to the order to show cause. ECF No. 38. After reviewing Mr. Baxter's response, the court issued an order setting a status conference for October 1, 2025, at 9:30 a.m. ECF No. 39 (September 11, 2025 order setting the status conference). In that order, the court again explicitly warned of the consequences of Mr. Baxter's failure to appear for that court-ordered proceeding:

> **Failure to appear may result in this court dismissing this action, without prejudice, without further notice.**

*Id.* (emphasis in original). Yet, consistent with his by then well-established pattern of conduct, Mr. Baxter did not appear for the October 1 conference.

The courtroom deputy opened the telephone line for the conference participants at 9:25 a.m. The court went on the record in the matter at 9:36 a.m. and specifically asked if any person was present by telephone. There was no response, and the courtroom deputy, who was operating the computer program allowing for telephonic participation in courtroom proceedings, verified that no one was on the telephone line.[3] The conference line remained open during the entire conference, which concluded at 10:05 a.m. Mr. Baxter never called in to the conference, and he did not appear in person. Counsel for Stantec was present in the courtroom.

At the conference, the undersigned judicial officer set forth the chronology of Mr. Baxter's conduct in this litigation, including the history of his non-compliant conduct to date. The court noted that Mr. Baxter had filed a response to the July 16, 2025 order to show cause. ECF No. 38. The court found, however, that while Mr. Baxter technically satisfied his obligation

---

[3] The computer software was functioning on October 1, 2025. The court conducted another telephonic conference that morning, and all participants were able to participate, using the same call-in number, with no technical difficulties.

to respond to that order,[4] his response failed to articulate a reason for his non-appearance at the July 16 status conference—which he never mentioned in his papers—let alone good cause for flouting a court order. Even so, the court had determined that it would not immediately exercise its authority to dismiss the action but instead set the October 1 status conference, thus giving Mr. Baxter another opportunity to explain his conduct. He did not avail himself of that opportunity.

At the October 1 conference, the court took note of its explicit warning to Mr. Baxter that his failure to appear at the conference could result in the dismissal of his case, *see* ECF No. 39, then proceeded to chronicle the history of Mr. Baxter's non-compliance with the court's orders and the rules by which all litigants, represented or not, must abide. The court then proceeded to hear oral argument from Stantec's counsel concerning the history of Mr. Baxter's failure to participate in the discovery process in the case.

Counsel represented that, despite affording Mr. Baxter multiple extensions of the deadlines for him to make the disclosures mandated by Federal Rule of Civil Procedure 26(a)(1) and to respond to written discovery from Stantec, Mr. Baxter (1) did not comply with his disclosure obligations, (2) did not provide any substantive responses to discovery requests as he is obliged to do under the Federal Rules of Civil Procedure, and (3) did not cooperate with counsel to set a date for his deposition. Instead, per counsel's argument, Mr. Baxter indicated that he wanted to try to resolve the case in lieu of participating in the discovery process. He told defense counsel that he was involving an attorney named "Jim Abrams."[5] At that point, counsel

---

[4] Accordingly, the court does not find that dismissal of the case is warranted based on a failure to respond to the order to show cause.

[5] Mr. Abrams has never entered an appearance in this matter. The court noted on the record at the conference that, per information contained in a database maintained by the United States District

for Stantec stated that she commenced sending Mr. Abrams courtesy copies of counsel's communications with Mr. Baxter. Mr. Abrams, however, does not appear to have responded to defense counsel or to have otherwise actively engaged in this litigation.

Counsel for Stantec last received an email communication from Mr. Baxter in the middle of the night on August 15, 2025, apparently concerning the response deadline for the order to show cause, for which Mr. Baxter never sought an extension of time from this court. Since then, Mr. Baxter has not communicated with counsel, and he has made no filings on the docket since August 26, 2025.

## II. Mr. Baxter's Conduct Warrants Dismissal of this Action

To begin with the operative legal principles, Rule 41 of the Federal Rules of Civil Procedure provides that a court may dismiss a party's claims if that party "fails to prosecute or to comply with [the Federal Rules] or a court order[.]" Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders." *Strauss v. Steele*, No. 20-cv-03464-DDD-MEH, 2022 WL 3975004, at *2 (D. Colo. Sept. 1, 2022) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)), *report and recommendation adopted*, 2022 WL 18278647 (D. Colo. Sept. 30, 2022); *see also* 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 2372 (4th ed. 2025) ("Federal Rule of Civil Procedure 41(b) speaks of dismissal on the defendant's motion, but . . . the district court may dismiss on its own motion for

Court for the District of Colorado, an attorney named James Abrams is not authorized to practice in the court at this time.

want of prosecution or for failure to comply with a court order.").

In evaluating a party's conduct pursuant to these legal standards, the court recognizes that a party's pro se status—like Mr. Baxter's here—does not exempt him from complying with the procedural rules that govern all civil actions filed in this District, including the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008). The court plays a neutral role in the litigation process and cannot assume the role of advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Rule 41(b) dismissal "operates as an adjudication on the merits," thus, dismissal is with prejudice, unless "the dismissal order states otherwise." Fed. R. Civ. P. 41(b). However, the court also bears in mind that dismissal with prejudice under Rule 41(b) is a harsh remedy and is "the death penalty of pleading punishments," *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007), given that it operates as a res judicata bar against any future filing. In light of the severity of this remedy, the court ordinarily considers what have come to be known as the "*Ehrenhaus* factors" before dismissing a claim with prejudice under Rule 41(b). *Montoya v. Colorado Dep't of Corr.*, No. 20-cv-03345-NYW-STV, 2022 WL 17536170, at *2 (D. Colo. Dec. 8, 2022) (discussing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

Here, for the reasons discussed below, the court ultimately finds that dismissal without prejudice is appropriate. In such circumstances, a court typically not need examine the *Ehrenhaus* factors. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that the *Ehrenhaus* analysis is not necessary where dismissal under Rule 41(b) is without prejudice, and finding that the trial court in that instance "did more than is required for a

dismissal without prejudice when it recited and applied the *Ehrenhaus* factors"). Nevertheless, in an abundance of caution and in the event a dismissal may have the effect of preventing Mr. Baxter from refiling some or all of his claims, the court will proceed to examine whether dismissal is proper under the *Ehrenhaus* factors.

In *Ehrenhaus*, the Tenth Circuit Court of Appeals articulated the factors to be considered before choosing dismissal as a sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921. "Under this flexible framework, . . . dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). In the end, however, "[t]he *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (quoting *Ehrenhaus*, 965 F.2d at 921); *see also, e.g.*, *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant") (Blackburn, J., sitting by designation); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

Upon a careful consideration of the record, the court finds that each of the *Ehrenhaus*

factors favors dismissal of this action based on Mr. Baxter's failure to prosecute this case by not participating in the discovery process; by his failure to comply with the procedural rules governing actions in this court; and by his failure to comply with court orders.

***Prejudice to Defendant***. First, the court finds that Stantec has incurred substantial, actual prejudice stemming from the manner in which Mr. Baxter has litigated this case. The case has now been pending over a year, with essentially no discovery having been conducted, through no fault of Stantec. *See Rogers v. Andrus Transp. Sers.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (a defendant has "a legitimate interest in bringing the matter to closure within a reasonable time"). Stantec has made significant efforts to work with Mr. Baxter to ensure the progress of this litigation, but counsel's efforts have been unavailing.

Mr. Baxter has not complied with the fundamental requirements of the mandatory rules that govern *all* litigants in this court, represented or not. He has delayed in making the disclosures that are the foundational underpinning of all other aspects of the discovery process. He has not responded to discovery requests, in contravention of the requirements of the Federal Rules of Civil Procedure, and he has not cooperated with defense counsel to set his deposition. His apparent preference to focus on obtaining a settlement from Stantec at the front end of the case—rather than engaging in good faith in the discovery process—is not one that Stantec, or this court, is required to accept. A defendant (or plaintiff, for that matter) is allowed to decide that it requires at least some discovery before launching into serious settlement discussions,[6] and

[6] The court observes that it is unclear whether Mr. Abrams, the attorney purportedly representing Mr. Baxter for purposes of settlement, ever genuinely engaged in discussions with Stantec's counsel, notwithstanding counsel's efforts to include Mr. Abrams in all substantive communications once counsel was made aware of his potential role in the matter.

the other party's preference to prioritize settlement talks at the outset of a case is not a valid reason to implement a self-imposed stay of discovery. Indeed, this court would have found it inappropriate to utilize the disfavored procedure of staying discovery under these circumstances, had it been asked to do so. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citations omitted); *see also, e.g.*, *Dillon Companies LLC v. United Food & Com. Workers Int'l Union, Loc. No. 7, AFL-CIO*, No. 25-cv-00417-CNS-SBP, 2025 WL 1765454, at *2 (D. Colo. June 26, 2025) (observing that "[a] stay of discovery is generally disfavored in this District") (collecting cases).

It is apparent from Mr. Baxter's response to the order to show cause that, while he deems himself authorized to seek discovery, he does not view Stantec as entitled to the same privilege. *See* ECF No. 38 at 1-4. He avers that Stantec has no "fact-based" defense and that "[n]o discovery is necessary on the point." *Id.* at 2. With all due respect to Mr. Baxter, it is not his place to cut off Stantec's access to discovery by proclaiming that it "has no defense," *id.* at 3—this court certainly has arrived at no such conclusion—or to tell its counsel what discovery it is not allowed to seek in this matter. Stantec thus has been prejudiced by Mr. Baxter's intransigent refusal to provide discovery.

The record here shows that, over the past year, defense counsel has assiduously attempted to conduct discovery of an entirely routine nature in a civil case of this type. The record further demonstrates that counsel has exhibited a high degree of professionalism, as well as patience, in

her interactions with a pro se litigant. The court emphasizes that it finds no support whatsoever for Mr. Baxter's criticisms of defense counsel who, in notable contrast with the absent Mr. Baxter, appeared in person at the October 1, 2025 status conference. At that time, counsel explained the history of this litigation from Stantec's perspective, including Mr. Baxter's failure to participate in the case in compliance with the relevant procedural rules. Mr. Baxter's contentions that counsel has engaged in "manipulative and fictional . . . tactics in this proceeding," ECF No. 38 at 4, has "not taken this action seriously," *id.* at 1, and has interposed "legal entanglements and obstacles . . . to complicate the prosecution of [his] case," *id.* at 5, is wholly belied by the record before the court. Respectfully, had Mr. Baxter complied with the court's order to appear at the October 1 status conference—which he did not, consistent with his conduct throughout this litigation—he might have attempted to counter Defendant's argument. Regardless, the undersigned discerns no basis to credit the idea that defense counsel is somehow responsible for thwarting Mr. Stantec's access to relevant discovery, rather than the other way around.

At bottom, because of the manner in which Mr. Baxter has litigated this case, Stantec has in fact been prejudiced by Mr. Baxter's conduct. Because of his actions, Stantec has "incurred prejudice in the form of additional time and expense [it] would not have otherwise incurred," and far exceeding the ordinary burdens of litigation. *See Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2020 WL 6450444, at *4 (D. Colo. Nov. 3, 2020), *report and recommendation adopted*, 2022 WL 2763462 (D. Colo. July 15, 2022). Mr. Baxter has initiated this case and compelled counsel for Stantec to expend significant time in the form of making filings in this court, appearing for scheduled court proceedings, and attempting to extract basic discovery from a

recalcitrant litigant. This amounts to real prejudice in the form of attorney's fees and costs that Stantec would not have incurred but for Mr. Baxter's conduct. The first *Ehrenhaus* factor weighs in favor of dismissal of this action.

***Interference with the Judicial Process.*** As to the second *Ehrenhaus* factor, the court finds that there has been consequential interference with the effective administration of justice caused by Mr. Baxter's failure to comply with the rules and orders of this court.

As illustrated in the timeline set forth above, Mr. Baxter's failure to comply with court orders has complicated the docket and the court's management of the case. His failure to appear for scheduled proceedings—or to have to be prodded to participate—reflects a disregard of the work of this court that cannot be ignored. The court has reminded Mr. Baxter of his obligation to comply with court rules, has issued an order to show cause concerning his failure to prosecute, has prepared for and conducted a status conference (*after* Mr. Baxter's conduct precipitated the order to show cause) for which he failed to appear, and has expended significant time in preparing the instant order. The court's commitment to addressing Mr. Baxter's non-compliance and non-participation has "necessarily increase[d] the workload of the Court and take[n] its attention away from other matters deserving of prompt resolution of their issues." *Session*, 2020 WL 6450444, at *4. Rule 1 of the Federal Rules of Civil Procedure obliges this court to administer those Rules "to secure the just, speedy, and inexpensive determination of *every* action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Mr. Baxter's conduct in this case has hindered this court's ability to meaningfully fulfill that function.

Consideration of the second *Ehrenhaus* factor likewise supports the court's conclusion that dismissal of this action is the appropriate sanction.

***Culpability of Plaintiff.*** Concerning the third *Ehrenhaus* factor, the court finds there is culpability on Mr. Baxter's part.

Mr. Baxter has been explicitly warned, in writing, *three* times that his failure to comply with court orders could result in the court dismissing his claims without further notice. ECF Nos. 19, 36, 39. Each of these notices was served on Mr. Baxter at his address of record in Castle Pines, Colorado. ECF Nos. 20, 37, 39. The most recent of those warnings was clearly stated in the court's order setting the October 1, 2025 status conference, ECF No. 39, which the court issued ***after*** Mr. Baxter responded to the order to show cause.

Even so, having already been the subject of an extremely serious directive in the form of a show-cause order, Mr. Baxter ***again*** failed to appear on October 1, 2025, thereby evincing an attitude that can only be construed as one of utter disregard for this court and the rules that govern it. In this context, it bears noting that Mr. Baxter cannot be described as an individual who lacks the capacity to understand these proceedings and the operative rules; he has an advanced level of education, with a professional licensure, and has demonstrated an ability to clearly express his position in written filings. There is nothing in the record here plausibly suggesting that Mr. Baxter is somehow incapable of understanding the explicit orders of this court. He simply has chosen to ignore them. He alone is the culpable party in this litigation.

In sum, the court concludes that Mr. Baxter is culpable in both his failure to prosecute this action by refusing to participate in discovery, and to obey the applicable rules governing that process, and by failing to comply with this court's orders.

***Advance Notice of the Sanction of Dismissal.*** As noted, the court has thrice warned Mr. Baxter in unambiguous terms that his non-compliance could result in the dismissal of this action.

ECF Nos. 20, 37, 39. Because Mr. Baxter has received warnings that failures to comply with the court's orders could result in his claims being dismissed, this factor too weighs strongly in favor of dismissal of this action.

***Efficacy of a Lesser Sanction*.** Finally, after evaluating the fifth *Ehrenhaus* factor, this court concludes that the circumstances here compel the conclusion that no sanction short of dismissal would be of any effect.

Nothing in the record before the court suggests that Mr. Baxter is willing to litigate this case in compliance with the procedural rules governing federal litigation or in accordance with orders issued by this court. Neither is there any indication that his behavior—including his manifest willingness to disregard orders to appear before this court—is likely to change. This record gives the court no reason to believe that a monetary sanction is likely to be effective; like other orders in this case, the court must anticipate that Mr. Baxter would ignore it. Accordingly, the court finds that no lesser sanction than dismissal would be effective.

*           *           *

It is a close call whether Mr. Baxter's non-compliant conduct rises to the level of "willful misconduct" required to impose the last-resort sanction of dismissal with prejudice. *See Ehrenhaus*, 965 F.2d at 920; *see also Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (in discussing dismissal as a sanction in cases of willful misconduct, noting that a "'willful failure' is 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'") (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987)). Upon careful scrutiny of the record in light of the *Ehrenhaus* factors, the court ultimately concludes that dismissal without prejudice is the correct outcome.

While it cannot be doubted that both this court and Stantec have been negatively impacted by Mr. Baxter's failure to prosecute the case and to comply with court orders, the court ultimately refrains from ascribing the requisite intentionality to each and every one of Mr. Baxter's actions, and therefore declines to find that the "willful misconduct" standard is satisfied here. *See, e.g.*, *Montoya*, 2022 WL 17536170, at *5 (dismissing case without prejudice for failure to comply with the court's Local Rules and an order to show cause); *Walker v. Calhoun*, No. 21-cv-01524-RM-MEH, 2022 WL 827411, at *3 (D. Colo. Feb. 25, 2022) (recommending dismissal without prejudice where plaintiff failed to timely serve the defendant and to respond to an order to show cause notifying plaintiff of the consequence for failure to serve), *report and recommendation adopted*, 2022 WL 824434 (D. Colo. Mar. 18, 2022); *Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *6 (D. Colo. Apr. 5, 2013) (recommending dismissal without prejudice where plaintiff failed to file a notice of change of address, to respond to an order to show cause, to comply with the court's Local Rules, and to prosecute the case), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013).

## III. Conclusion

For the reasons set forth herein, it is respectfully **ORDERED** that this case is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with the procedural rules governing actions in this court, and failure to comply with court orders. The Clerk of Court is **DIRECTED** to terminate this case.

DATED: October 6, 2025

BY THE COURT:

Susan Prose
United States Magistrate Judge